**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
_____
_____ (State)

Case number (*If known*): _____    Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Vyera Pharmaceuticals, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Turing Pharmaceuticals, LLC |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 4 7 – 2 0 5 1 7 5 8 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 600      3rd Avenue<br>Number      Street<br>19th Floor | <br>Number      Street<br><br>P.O. Box |
| New York            NY      10016<br>City            State      ZIP Code | City            State      ZIP Code |
| New York<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number      Street<br><br><br>City            State      ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.vyera.com |

Debtor    Vyera Pharmaceuticals, LLC
_____
Name

Case number (if known)_____

---

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. Check all that apply:

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>3</u>  <u>2</u>  <u>5</u>  <u>4</u>

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

Check one:

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. Check **all** that apply:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    Vyera Pharmaceuticals, LLC        Case number *(if known)* _____

       Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____ When _____ Case number _____
                            MM / DD / YYYY

            District _____ When _____ Case number _____
                            MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.   Debtor   See Annex 1 _____ Relationship _____

            District _____ When _____
                                            MM / DD / YYYY

            Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

     **Why does the property need immediate attention?** *(Check all that apply.)*

     ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

     ☐ It needs to be physically secured or protected from the weather.

     ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

     ☐ Other _____

     **Where is the property?** _____
                                 Number       Street

                                 _____

                                 _____
                                 City                         State ZIP Code

     **Is the property insured?**

     ☐ No

     ☐ Yes. Insurance agency _____

            Contact name _____

            Phone _____

---

**Statistical and administrative information**

---

| Debtor | Vyera Pharmaceuticals, LLC | Case number (if known) |
|---|---|---|
| | Name | |

| 13. Debtor's estimation of available funds | Check one: |
|---|---|
| | ☑ Funds will be available for distribution to unsecured creditors. |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. Estimated number of creditors | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☑ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| 15. Estimated assets | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___05/09/2023___
           MM / DD / YYYY

X _____       Lawrence R. Perkins
Signature of authorized representative of debtor       Printed name

Title ___Chief Restructuring Officer___

Debtor    **Vyera Pharmaceuticals, LLC**        Case number (*if known*)_____
           Name

---

**18. Signature of attorney**      ✗   /s/ R. Craig Martin        Date   05/09/2023

                         Signature of attorney for debtor                         MM   / DD  / YYYY

                     R. Craig Martin
                     Printed name

                     DLA Piper LLP (US)
                     Firm name

                     1201      North Market Street    Suite 2100
                     Number      Street

                     Wilmington                DE    19801
                     City                       State      ZIP Code

                     (302) 468 -5700            craig.martin@us.dlapiper.com
                     Contact phone                  Email address

                     5032                      DE
                     Bar number                      State

---

## ANNEX 1

### Pending Bankruptcy Cases

On the date hereof, each of the entities below (collectively the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware and elected to proceed under subchapter V thereunder. The Debtors have moved for joint administration of these cases under the case number assigned to the subchapter V case of Vyera Pharmaceuticals, LLC:

- Vyera Pharmaceuticals, LLC
- SevenScore Pharmaceuticals, LLC
- Oakrum Pharma, LLC
- Dermelix Biotherapeutics, LLC
- Phoenixus AG
- Orpha Labs AG

**JOINT ACTION BY UNANIMOUS WRITTEN CONSENT
OF THE SOLE MANAGER OF
VYERA PHARMACEUTICALS, LLC,
OAKRUM PHARMA, LLC,
AND
DERMELIX BIOTHERAPEUTICS, LLC**

Dated: May 9, 2023

The undersigned, being the sole manager (the "Manager") of Vyera Pharmaceuticals, LLC, a Delaware limited liability company ("Vyera"), Oakrum Pharma, LLC, a Delaware limited liability company ("Oakrum"), and Dermelix Biotherapeutics, LLC, a Delaware limited liability company ("Dermelix") (collectively, the "Companies" and each, a "Company"), acting by unanimous written consent (this "Consent") in accordance with the requirements of applicable law, does hereby adopt, consents, approves, and ratifies the following recitals and resolutions, effective as of the date set forth above, in lieu of a meeting, and does hereby direct that this Consent be filed with such Company's minutes:

A.      **Bankruptcy Filing**

**WHEREAS**, the Manager has had the opportunity to consult with such Company's management team and such Company's legal and financial advisors and has considered fully various strategic alternatives available to such Company under the circumstances; and

**WHEREAS**, the Manager has determined after consulting with such Company's management team and such Company's legal and financial advisors that it is in the best interests of such Company to avail such Company of the protections afforded by chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), including subchapter V thereunder, by filing a voluntary petition to commence a case under chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that any authorized officer of such Company (an "Authorized Person"), acting solely or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, file with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and perform, in the name and on behalf of such Company, all plans, petitions, schedules, statements, motions, lists, purchase and sale agreements, assumption or assignment agreements, other transactional agreements and documents, applications, pleadings, papers, affidavits, declarations, orders, and other documents in connection with the filing of a voluntary petition seeking relief under the Bankruptcy Code (collectively, the "Bankruptcy Filings"), with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate, or advisable, the execution and delivery of any of the Bankruptcy Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard; and it is further

DocuSign Envelope ID: 0C2C1DA8-7C5B-40D1-996D-9E52A332C1A1

**RESOLVED**, that with respect to such Company, each Authorized Person, in each case, acting solely or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts and deeds that such Authorized Person, in consultation with such Company's legal and financial advisors, deems necessary, appropriate, or desirable in connection with such Company's bankruptcy case (the "<u>Bankruptcy Case</u>") or the Bankruptcy Filings including, without limitation, (i) the payment of wages, salaries, fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing, and filing any and all additional plans, pleadings, documents, schedules, statements, lists, papers, agreements, certificate, or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Bankruptcy Case with a view to the successful prosecution of such Bankruptcy Case, with such acts to be conclusive evidence such Authorized Person deemed the same to meet such standard; and it is further

## B.     Retention of Advisors

**RESOLVED**, that with respect to such Company, each Authorized Person be, and each hereby is, authorized and directed to employ the law firm of DLA Piper LLP (US) ("<u>DLA</u>") as general bankruptcy counsel to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including, but not limited to, the filing of any pleadings, and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of DLA; and it is further

**RESOLVED**, that with respect to such Company, each Authorized Person be, and each hereby is, authorized and directed to employ the firm of Sierra Constellation Partners LLC to perform the services of Chief Restructuring Officer (indirectly through the appointment of Lawrence Perkins in such capacity) and as financial advisor (the "<u>Financial Advisor</u>"), to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, and in connection therewith, each of the Authorized Persons with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of the Financial Advisor; and it is further

**RESOLVED**, that with respect to such Company, each Authorized Person be, and each hereby is, authorized and directed to employ the firm of Alvarez & Marsal Securities, LLC as investment banker (the "<u>Investment Banker</u>"), to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations and in connection therewith, each of the Authorized Persons with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of the Investment Banker; and it is further

EAST\201168866.5

RESOLVED, that with respect to such Company, each Authorized Person be, and each hereby is, authorized and directed to employ Epiq Corporate Restructuring, LLC as notice, claims, and balloting agent and as administrative advisor (the "Claims Agent"), to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations and in connection therewith, each of the Authorized Persons with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of the Investment Banker; and it is further

C.     **Sale Process**

RESOLVED, that such Company, as debtor and debtor in possession in the Bankruptcy Case, shall be, and hereby is, authorized to pursue and implement a sale transaction under section 363 of the Bankruptcy Code or otherwise of all or substantially all of such Company's assets or equity interests, will be presented to the Manager following the date hereof and as may be further approved, modified, or amended by one or more of the Authorized Persons in its reasonable judgment and in consultation with such Company's professionals (each, a "Sale"); and it is further

RESOLVED, that such Company, as debtor and debtor in possession in the Bankruptcy Case, shall be, and hereby is, authorized to execute, deliver, and perform its obligations under one or more purchase agreements, license agreements, or other transactions agreements and all associated agreements, schedules, certificates, instruments, guaranties, notices, and other documents implementing a Sale, as may be deemed necessary or desirable by any of the Authorized Persons; and it is further

D.     **Chapter 11 Plan**

RESOLVED, that such Company, as debtor and debtor in possession in the Bankruptcy Case, shall be, and hereby is, authorized to (i) execute and file a plan of reorganization or liquidation, associated disclosure statement, to the extent applicable, and all other related documents, and consummate, and perform under, the transactions contemplated therein and/or (ii) dismiss or close the Bankruptcy Case and execute all related documents as may be reasonably necessary or desirable in the best interests of such Company and its stakeholders; and it is further

E.     **General Authorization**

RESOLVED, that with respect to such Company, each of the Authorized Persons may act, solely or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to take, cause to be taken, or perform any and all further acts or deeds, including, without limitation, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such

3

DocuSign Envelope ID: 0C2C1DA8-7C5D-40D1-996D-8E53A332C1A1

actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard.

A signed copy of this Consent delivered by e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy.

*[Signature Page Follows]*

4

**IN WITNESS WHEREOF**, the undersigned has executed this Consent as of the date first written above.

VYERA PHARMACEUTICALS, LLC

By: _____

Name: Thomas J. Allison
Its: Sole Manager

OAKRUM PHARMA, LLC

By: _____

Name: Thomas J. Allison
Its: Sole Manager

DERMELIX BIOTHERAPEUTICS, LLC

By: _____

Name: Thomas J. Allison
Its: Sole Manager

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   Vyera Pharmaceuticals, LLC |
| United States Bankruptcy Court for the:        District of Delaware |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DUANE MORRIS LLP 30 S. 17TH STREET PHILADELPHIA, PA  19103 | CONTACT: CYNTHIA BALDWIN, VICE PRESIDENT, GENERAL COUNSEL PHONE: 215-979-1000 FAX: 215-979-1020 ALABBONIZIO@DUANEMORRIS.COM | LITIGATION | C, D | | | $2,127,923.43 |
| 2 | CARDINAL HEALTH, INC. 7000 CARDINAL PLACE DUBLIN, OH  43017 | CONTACT: GENERAL COUNSEL PHONE: 614-757-5000 KEVIN.MORAN@CARDINALHEALTH.COM; ERICH.TIMMERMAN@CARDINALHEALTH.COM | TRADE PAYABLE | | | | $452,547.17 |
| 3 | ANI PHARMACEUTICALS INC. 210 MAIN ST WEST BAUDETTE, MN  56623 | CONTACT: NIKHIL LALWANI, CEO PHONE: 218-634-3500 FAX: 218-634-3540 INFO@ANIPHARMACEUTICALS.COM | ROYALTY PAYABLE | | | | $439,696.00 |
| 4 | AUCTA PHARMACEUTICALS, INC. 71 SUTTONS LANE PISCATAWAY, NJ  08854 | CONTACT: SHOUFENG LI, CEO PHONE: 909-342-4793 FAX: 732-605-6902 SHOUFENG.LI@AUCTAPHARMA.COM | ROYALTY PAYABLE | | | | $288,705.21 |

Debtor: Vyera Pharmaceuticals, LLC                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5    CONNECTICUT DEPARTMENT OF PUBLIC HEALTH ATTN: CONNECTICUT DRUG ASSISTANCE PROGRAM 410 CAPITOL AVENUE MS#13ACT HARTFORD, CT  06134 | CONTACT: GENERAL COUNSEL PHONE: 860-509-8000 FAX: 860-509-7160 ASK.DPH@CT.GOV | TRADE PAYABLE | | | | $265,853.99 |
| 6    ASD SPECIALTY HEALTHCARE INC. 5025 PLANO PARKWAY CARROLLTON, TX  75010 | CONTACT: GENERAL COUNSEL PHONE: 800-547-9413 SERVICE@ASDHEALTHCARE.COM | TRADE PAYABLE | | | | $203,977.57 |
| 7    EVERSANA LIFE SCIENCE SERVICES, LLC 190 N. MILWAUKEE STREET MILWUAKEE, WI 53202 | CONTACT: JIM LANG, CEO PHONE: 414-299-4900 INDIA@EVERSANA.COM | TRADE PAYABLE | U, D | | | $148,458.14 |
| 8    COMMONWEALTH OF MASSACHUSETTS MASSHEALTH DRUG REBATE PROG-FFS PROGRAM P.O. BOX 3070 BOSTON, MA  02241-3070 | CONTACT: GENERAL COUNSEL PHONE: 800-841-2300 MASSHEALTHDRUGLIST@STATE.MA.US | TRADE PAYABLE | | | | $107,212.61 |
| 9    DEPARTMENT OF HEALTH CARE SERVICES DEPT OF HEALTH CARE SERVICES, ACCOUNTING MEDICAL DRUG REBATE AR, MS 1101 P.O. BOX 997415 SACRAMENTO, CA  95899-7413 | CONTACT: GENERAL COUNSEL PHONE: 888-452-8609 MMCDOMBUDSMANOFFICE @DHCS.CA.GOV | TRADE PAYABLE | | | | $101,330.21 |
| 10    INTEGRICHAIN, INC. 8 PENN CENTER, 3RD FLOOR 1628 JFK BLVD PHILADELPHIA, PA  19103 | CONTACT: LEIGH ANNE SIINO, EXECUTIVE DIRECTOR, SALES PHONE: 609-806-5005 ISIINO@INTEGRICHAIN.COM | TRADE PAYABLE | | | | $73,838.16 |
| 11    WALGREENS SPECIALTY 500 NOBLESTOWN ROAD ATTN: KRISTEN BERGER CARNEGIE, PA  15106 | CONTACT: GENERAL COUNSEL PHONE: 888-347-3416 FAX: 412-325-6505 MEDIA@WALGREENS.COM | TRADE PAYABLE | | | | $72,178.41 |
| 12    MCKESSON 401 MASON ROAD LAVERGNE, TN  37086 | CONTACT: BRIAN TYLER, CEO PHONE: 972-446-4800 MEDIARELATIONS@MCKESSON.COM | TRADE PAYABLE | | | | $70,180.62 |
| 13    DEPARTMENT OF MEDICAL ASSISTANCE, COMMONWEALTH OF VIRGINIA CMS MEDICAID DRUG REBATE UNIT ATTN: FISCAL UNIT 600 E. BROAD ST., SUITE 1300 RICHMOND, VA  23219-1857 | CONTACT: GENERAL COUNSEL PHONE: 888-221-1590 VAMEDICAIDMEDIAREQUESTS@DMAS.VIRGINIA.GOV | TRADE PAYABLE | | | | $69,000.00 |

Debtor:  Vyera Pharmaceuticals, LLC

Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14  TREASURER STATE OF FL AGENCY FOR HEALTHCARE ADMINISTRATION FINANCE & ACCOUNTING 2727 MAHAN DRIVE, MAIL STOP #14 TALLAHASSEE, FL  32308 | CONTACT: GENERAL COUNSEL PHONE: 850-413-2761 WEBMASTER@AHCA.MYFLORIDA.COM | TRADE PAYABLE | | | | $65,547.88 |
| 15  OPTUMRX, INC 5701 KATELLA AVENUE, CA120-0308 CYPRESS, CA  90630 | CONTACT: MELANIE FREEMAN, COMPLIANCE AND PRIVACY OFFICER PHONE: 714-825-3600 MELANIE.FREEMAN@OPTUM.COM | TRADE PAYABLE | | | | $63,000.00 |
| 16  CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC 1065 AVENUE OF THE AMERICAS 10TH FLOOR NEW YORK, NY  10018 | CONTACT: ERIK LINN, MANAGING PARTNER PHONE: 212-790-5790 FAX: 703-563-9318 INFO@CROSSCOUNTRY-CONSULTING.COM | TRADE PAYABLE | | | | $52,500.00 |
| 17  PROPHARMA GROUP 2635 UNIVERSITY AVENUE WEST SUITE 195 ST. PAUL, MN  55114 | CONTACT: MICHAEL STOMBERG, CEO PHONE: 916-663-2729 INFO@PROPHARMAGROUP.COM | TRADE PAYABLE | | | | $51,905.00 |
| 18  AGENCY FOR HEALTH CARE ADMINISTRATION FINANCE AND ACCOUNTING/DRUG REBATE 2727 MAHAN DR. MAIL STOP #14 TALLAHASSEE, FL  32308 | CONTACT: GENERAL COUNSEL PHONE: 888-419-3456 WEBMASTER@AHCA.MYFLORIDA.COM | TRADE PAYABLE | | | | $48,978.63 |
| 19  TREASURER STATE OF OHIO MEDICAID DRUG REBATE 30 E. BROAD STREET - 9TH FLOOR COLUMBUS, OH  43215 | CONTACT: GENERAL COUNSEL PHONE: 800-324-8680 CONSTITUENTAFFAIRS@TOS.OHIO.GOV; ECONOMICDEVELOPMENT@TOS.OHIO.GOV | TRADE PAYABLE | | | | $48,752.27 |
| 20  DEPARTMENT OF HUMAN SERVICES/DRUG REBATE PROGRAM P.O. BOX 780634 PHILADELPHIA, PA  19178-0634 | CONTACT: GENERAL COUNSEL PHONE: 717-787-2500 RA-PWDHSPRESSOFFICE@PA.GOV; BCWALINA@PA.GOV; ALFOGARTY@PA.GOV | TRADE PAYABLE | | | | $36,823.57 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| Vyera Pharmaceuticals, LLC, | Case No. 23-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Vyera Pharmaceuticals, LLC hereby certifies that the following corporate entity owns the below-specified percentage of Vyera Pharmaceuticals, LLC's equity interests, as of the date hereof.

| Entity | Percentage Interest |
|---|---|
| Phoenixus AG | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| Vyera Pharmaceuticals, LLC, | Case No. 23-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Vyera Pharmaceuticals, LLC hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Percentage Interest |
|---|---|
| Phoenixus AG<br>Haldenstrasse 5, 6340 Baar, Switzerland | 100% |

Case 23-10605   Doc 1   Filed 05/09/23   Page 17 of 20

**Fill in this information to identify the case and this filing:**

Debtor Name  Vyera Pharmaceuticals, LLC

United States Bankruptcy Court for the: _____ District of  DE
                                                                        (State)

Case number (*If known*):  _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  Corporate Ownership Statement; List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/09/2023          ✗ /s/ Lawrence R. Perkins
           MM / DD / YYYY            Signature of individual signing on behalf of debtor


                                    Lawrence R. Perkins
                                    Printed name

                                    Chief Restructuring Officer
                                    Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11, Subchapter V |
| Vyera Pharmaceuticals, LLC, | Case No. 23-_____ (___) |
| Debtor. | |

## <u>STATEMENT PURSUANT TO 11 U.S.C. § 1116</u>

I, Lawrence R. Perkins, hereby declare under penalty of perjury:

1.    Debtor Vyera Pharmaceuticals, LLC has not prepared a statement of operations or cash-flow statement.

2.    Debtor Vyera Pharmaceuticals, LLC has prepared a balance sheet and income statement, which have been appended to its voluntary petition for relief.

3.    Debtor Vyera Pharmaceuticals, LLC has not filed a federal tax return.

Dated: May 9, 2023

> */s/ Lawrence R. Perkins*
> By: Lawrence R. Perkins
> Its: Chief Restructuring Officer

| | Phoenixus AG | Vyera LLC | Oakrum LLC | Regnum[1] | Sevenscore | Orpha Labs AG | Dermelix | Elimination Regnum | Eliminations | Consolidated |
|---|---|---|---|---|---|---|---|---|---|---|
| **Assets** | | | | | | | | | | **Apr 30, 2023** |
| Cash and Cash Equivalents | 1,619,837 | 7,950,405 | 3,890,296 | 390,788 | 338,851 | 178,677 | - | - | - | 14,368,854 |
| Restricted Cash - PNC CD | - | - | - | - | - | - | - | - | - | - |
| Accounts Receivable | - | (242,763) | 993,608 | - | - | - | - | - | - | 750,845 |
| Intercompany | 21,880,506 | 10,398,210 | (13,704,453) | (1,775,600) | (4,321,714) | (8,399,346) | (3,677,078) | (391,000) | (9,525) | - |
| Inventory | 58,248 | 4,128,544 | 73,539 | - | - | - | - | - | (4,054,260) | 206,071 |
| Prepaid and Other Assets | 1,982,850 | 418,059 | 32,191 | 17,351 | - | 1,020 | - | - | - | 2,451,471 |
| **Total Current Assets** | **25,541,441** | **22,652,455** | **(8,714,820)** | **(1,367,461)** | **(3,982,863)** | **(8,219,648)** | **(3,677,078)** | **(391,000)** | **(4,063,786)** | **17,777,240** |
| | | | | | | | | | | |
| Property and Equipment, net | - | 0 | - | - | - | - | - | - | - | 0 |
| Daraprim Product Rights | 55,919,306 | - | - | - | - | - | - | - | - | 55,919,306 |
| Daraprim Product Rights Accum Amort | (55,919,305) | - | - | - | - | - | - | - | - | (55,919,305) |
| In Process Research & Development | - | - | - | - | - | - | - | - | - | - |
| Other Product Rights | 98,691 | - | - | - | - | - | - | - | - | 98,691 |
| Goodwill | 3,130,616 | - | - | - | - | - | - | - | - | 3,130,616 |
| Other Long Term Assets | - | 131,516 | 800,000 | - | - | - | - | - | - | 931,516 |
| **Total Assets** | **28,770,749** | **22,783,971** | **(7,914,820)** | **(1,367,461)** | **(3,982,863)** | **(8,219,648)** | **(3,677,078)** | **(391,000)** | **(4,063,786)** | **21,938,064** |
| | | | | | | | | | | |
| **Liabilities and Stockholder's Equity (Deficiency)** | | | | | | | | | | |
| Accounts Payable | 71,562 | (15,272) | 458,133 | 0 | (0) | 2,500 | - | - | - | 516,923 |
| Accrued Expenses | 858,575 | 1,986,290 | 2,450,831 | 15,424 | - | - | - | - | - | 5,311,121 |
| CMS Liabilities | - | 3,375,922 | 266,141 | - | - | - | - | - | - | 3,642,063 |
| Wage and Bonus Payables | 101,796 | 455,421 | 11,374 | 51,968 | - | - | - | - | - | 620,559 |
| Taxes Payable | - | (89,999) | (50) | 800 | (50) | - | - | - | - | (89,299) |
| **Current Liabilities** | **1,031,934** | **5,712,362** | **3,186,429** | **68,192** | **(50)** | **2,500** | **-** | **-** | **-** | **10,001,367** |
| | | | | | | | | | | |
| Capital Lease | - | 131,517 | - | - | - | - | - | - | - | 131,517 |
| Long Term Loan | - | - | - | - | - | - | - | - | - | - |
| Warrant Derivative Liability | - | - | - | - | - | - | - | - | - | - |
| **Total Liabilities** | **1,031,934** | **5,843,879** | **3,186,429** | **68,192** | **(50)** | **2,500** | **-** | **-** | **-** | **10,132,884** |
| | | | | | | | | | | |
| Par Value & APIC | 83,111,415 | 2,983,371 | - | 41,500 | 100 | - | - | (41,500) | 1,208 | 86,096,094 |
| Accumulated Deficit | (57,034,289) | 13,956,721 | (11,101,249) | (1,477,153) | (3,982,913) | (8,222,148) | (3,677,078) | (349,500) | (7,440,471) | (79,328,080) |
| AOCI | 4,644,515 | - | - | - | - | - | - | - | 392,651 | 5,037,166 |
| **Total Equity** | **30,721,641** | **16,940,092** | **(11,101,249)** | **(1,435,653)** | **(3,982,813)** | **(8,222,148)** | **(3,677,078)** | **(391,000)** | **(7,046,612)** | **11,805,180** |
| | | | | | | | | | | |
| **Total Liabilities and Equity** | **31,753,575** | **22,783,971** | **(7,914,820)** | **(1,367,461)** | **(3,982,863)** | **(8,219,648)** | **(3,677,078)** | **(391,000)** | **(7,046,612)** | **21,938,064** |

[1] Regnum is a non-debtor

| Phoenixus Consolidated | Jan-23 | Feb-23 | Mar-23 | Apr-23 | YTD 2023 |
|---|---|---|---|---|---|
| Gross Sales | $ 1,881,308 | $ 2,073,794 | $ 2,092,039 | $ 1,734,196 | $ 7,781,337 |
| | | | | | |
| Sales Discounts | $ 1,167,317 | $ 1,281,892 | $ 1,481,415 | $ 1,227,469 | $ 5,158,093 |
| CMS Allowance | $ 359,289 | $ 440,774 | $ (149,383) | $ 243,865 | $ 894,545 |
| Sales Allowances | | | | | $ - |
| DLSS Fees | $ 15,025 | $ 11,100 | $ 798 | $ 4,701 | $ 31,624 |
| Net Sales | $ 339,677 | $ 340,028 | $ 759,209 | $ 258,161 | $ 1,697,075 |
| | | | | | |
| Interco Sales | $ 146,499 | $ (40,602) | $ (110,773) | $ 51,674 | $ 46,799 |
| Interco COGS | $ (133,916) | $ (50,047) | $ (669,687) | $ (136,530) | $ (990,180) |
| Profit Share | $ (13,878) | $ (17,093) | $ (2,495) | $ 2,454 | $ (31,012) |
| Cost of Goods Sold | $ (13,101) | $ 55,350 | $ 918,024 | $ 92,886 | $ 1,053,160 |
| Total Cost of Goods Sold | $ (14,396) | $ (52,391) | $ 135,070 | $ 10,485 | $ 78,767 |
| | | | | | |
| Gross Profit | $ 354,073 | $ 392,419 | $ 624,139 | $ 247,676 | $ 1,618,308 |
| | | | | | |
| Salaries & Wages | $ 623,548 | $ 776,787 | $ 517,823 | $ 588,477 | $ 2,506,635 |
| Outsourcing Expenses | $ 155,321 | $ 222,921 | $ 255,237 | $ 188,899 | $ 822,379 |
| Travel | $ 57,688 | $ 15,436 | $ (13,266) | $ 1,590 | $ 61,448 |
| Milestone Payments | $ - | $ - | $ - | $ - | $ - |
| Royalties | $ 4,797 | $ 5,249 | $ 1,291 | $ (36) | $ 11,301 |
| Data Subsriptions | $ 31,270 | $ 21,054 | $ 38,619 | $ 17,823 | $ 108,767 |
| IT Outsourcing | $ 16,935 | $ 14,236 | $ 16,895 | $ 18,754 | $ 66,820 |
| Legal Expenses | $ 485,308 | $ 456,802 | $ 803,780 | $ 734,465 | $ 2,480,355 |
| Rent | $ 21,402 | $ 21,991 | $ 20,581 | $ 20,947 | $ 84,920 |
| Amortization | $ 1,173 | $ 1,173 | $ 1,172 | $ 1,207 | $ 4,725 |
| Insurance | $ 346,335 | $ 345,486 | $ 319,662 | $ 480,691 | $ 1,492,174 |
| Advertising and Promo Materials | $ - | $ - | $ 249 | $ - | $ 249 |
| Distribution Costs | $ 6,223 | $ 6,500 | $ 22,394 | $ 22,406 | $ 57,523 |
| Recruitment & Agency Fees | | | $ - | $ - | $ - |
| Donations & Grants | | | | | $ - |
| Conferences & Seminars | $ - | $ 386 | $ - | $ 675 | $ 1,061 |
| Business Permits & Licenses | | | $ 1,820 | $ - | $ 1,820 |
| Regulatory Fees | | | $ - | $ - | $ - |
| Registrations and Filing Fees | $ 2,221 | $ 1,170 | $ 4,562 | $ 9,922 | $ 17,876 |
| Accounting Services | $ 115,199 | $ 144,073 | $ 157,245 | $ 91,875 | $ 508,392 |
| Office Supplies & Exp | $ 7,735 | $ 23 | $ 2,665 | $ 2,604 | $ 13,028 |
| Postage & deliver | $ 1,438 | $ 793 | $ 224 | $ 333 | $ 2,788 |
| Telephone Office/Wireless | $ 3,307 | $ 5,006 | $ 3,988 | $ 4,959 | $ 17,261 |
| Bank Service Charges | $ 1,296 | $ 568 | $ (403) | $ 810 | $ 2,271 |
| ADP Fees | $ 2,133 | $ 2,594 | $ 3,265 | $ 998 | $ 8,991 |
| Depreciation | $ - | $ - | $ - | $ - | $ - |
| GAO | $ 0 | $ (0) | $ 0 | | $ 0 |
| Taxes | $ - | $ - | $ - | $ - | $ - |
| Total Operating Expense | $ 1,883,330 | $ 2,042,250 | $ 2,157,804 | $ 2,187,398 | $ 8,270,782 |
| | | | | | |
| Operating Income / (Loss) | $ (1,529,257) | $ (1,649,830) | $ (1,533,665) | $ (1,939,722) | $ (6,652,473) |
| | | | | | |
| Other Income / (Expense): | | | | | $ - |
| Interest Expense | | $ - | $ - | $ (605) | $ (605) |
| Interest Income | $ 130 | $ 130 | $ 118 | $ 130 | $ 508 |
| Intercompany Transfer Price | $ (1) | $ 5 | $ 29 | $ (7) | $ 26 |
| Intercompany Interest Exp_Inc | | | $ (0) | | $ (0) |
| Foreign Exchange Gains / Losses | $ 180,397 | $ 254,469 | $ (523,294) | $ (410,911) | $ (499,339) |
| Gain/Loss from Legal Proceedings | | | | | $ - |
| All Other | $ (61,865) | $ 868,537 | $ - | $ - | $ 806,671 |
| Total Other Operating Expense | $ 118,660 | $ 1,123,141 | $ (523,148) | $ (411,393) | $ 307,261 |
| | | | | | |
| Net Income / (Loss) | $ (1,410,596) | $ (526,689) | $ (2,056,813) | $ (2,351,114) | $ (6,345,213) |