## EXHIBIT B

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Vyera Pharmaceuticals, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11, Subchapter V<br><br>Case No. 23-10605 (JKS)<br><br>(Jointly Administered)<br><br>**Related D.I.: 9** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO HONOR OBLIGATIONS TO CUSTOMERS AND RELATED THIRD PARTIES AND TO OTHERWISE CONTINUE CUSTOMER PROGRAMS; (II) GRANTING RELIEF FROM THE AUTOMATIC STAY TO PERMIT SETOFF IN CONNECTION WITH CUSTOMER PROGRAMS; (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (A) authorizing, but not directing, the Debtors to maintain and administer their Customer Programs; honor prepetition obligations to Customers related thereto, and to otherwise continue, renew replace, modify, implement, revise and/or terminate the Customer Programs in the ordinary course of business and consistent with past practice, to the extent requested herein, (B) authorizing relief from the stay to permit setoff in connection with certain customer programs, (C) authorizing financial institutions to honor and process related checks and transfers and (D) (the "Banks") to honor and pay all checks and transfers drawn on the Debtors' accounts related to the foregoing; all as further described in

---

[1]      The Debtors in these subchapter V cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are as follows: Vyera Pharmaceuticals, LLC (1758); Oakrum Pharma, LLC (3999); SevenScore Pharmaceuticals, LLC (2598); Phoenixus AG (1091); Dermelix Biotherapeutics, LLC (4711); and Orpha Labs AG.  The Debtors' headquarters and the mailing address for the Debtors is 600 3rd Avenue, 19th Floor, New York, NY 10016.

[2]      Capitalized terms used but not otherwise defined in this Interim Order shall have the respective meaning ascribed to such terms in the Motion.

the Motion; and upon consideration of the First Day Declaration and the record of these subchapter V cases; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that (i) this Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; (ii) this Court may enter a final order herewith consistent with Article III of the United States Constitution; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iv) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (v) no further or other notice of the Motion is required under the circumstances; and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Orde; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth in this Interim Order.

2. The Debtors are authorized, but not directed, to continue, renew, replace, modify, implement, revise and/or terminate, as they deem appropriate, in their sole discretion, the Customer Programs in the ordinary course of business (and consistent with past practice), and without further order of this Court, (i) to honor all prepetition obligations thereunder that come due, ~~including satisfying all obligations and permitting~~ subject to an aggregate interim cap of $500,000, and (ii) may permit all setoffs in connection therewith, in each case, in the ordinary course of business and in the same manner and on the same basis as if the Debtors performed and honored such obligations prior to the Petition Date~~.~~, and the Debtors' customers are authorized, in the ordinary course of business, to offset mutual undisputed debts regardless of

2

whether such debts arose prepetition or postpetition arising out of or in connection with the Customer Programs.

3.    The automatic stay imposed under section 362 of the Bankruptcy Code is hereby modified for the limited purpose of effectuating the terms and provisions of this Interim Order.

4.    The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

5.    Nothing contained in this Interim Order is intended or should be construed to create an administrative priority claim on account of any Customer Programs.

6.    Nothing contained in this Interim Order is or should be construed as: (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a promise to pay any claim, (v) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to the Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved), (vi) an approval, assumption, adoption, or rejection of any

3

agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (vii) a waiver of the obligation of any party in interest to file a proof of claim, or (viii) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

~~7. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this order; and (c) the Debtors are authorized and empowered, and may, in their discretion and without further delay, take any action necessary or appropriate to implement this Order.~~

7.    The final hearing (the "Final Hearing") on the Motion shall be held on **June 14, 2023 at 11:00 a.m. (prevailing Eastern Time)**. Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on June 7, 2023**, and served on the following parties: (a) proposed counsel for the Debtors, DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801-1147 (Attn: R. Craig Martin, Esq. [craig.martin@us.dlapiper.com], Matthew S. Sarna, Esq. [matthew.sarna@us.dlapiper.com]); 444 West Lake Street, Suite 900, Chicago, Illinois 60606-0089 (Attn: John K. Lyons, Esq. [john.lyons@us.dlapiper.com]); (b) the Office of the United States Trustee for Region 3, J. Caleb Boggs Federal Building, 844 King Street, Lockbox 35, Wilmington, Delaware 19801 (Attn: Linda J. Casey, Esq. [linda.casey@usdoj.gov]); (c) the Subchapter V Trustee, 1204 North King Street, Wilmington, Delaware 19801 (Attn: David M. Klauder, Esq. [dklauder@bk-legal.com]); and (d) counsel to any official committee of unsecured creditors appointed in these subchapter V cases. In the

~~EAST\203351472.1~~EAST\203351472.2
~~EAST\203351472.1~~

event no Objection to entry of a final order on the Motion is timely filed, this Court shall enter such final order without the need for the Final Hearing.

8.    The requirements of Bankruptcy Rule 6003(b) are satisfied.

9.    The requirements of Bankruptcy Rule 6004(a) are waived.

10.    The terms and provisions of this Interim Order shall be effective immediate and enforceable upon its entry.

11.    8. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12.    9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

| Summary report: Litera Compare for Word 11.2.0.54 Document comparison done on 5/17/2023 9:41:37 PM | |
|---|---|
| **Style name:** DLAPiper | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://DMS.US.DLAPIPER.COM/EAST/203351472/1 | |
| **Modified DMS:** iw://DMS.US.DLAPIPER.COM/EAST/203351472/2 | |
| **Changes:** | |
| Add | 30 |
| Delete | 12 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 42 |