

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
ANTITRUST BUREAU

Saami Zain
Assistant Attorney General
Tel: (212) 416-6360
Saami.Zain@ag.ny.gov

September 8, 2023

**VIA CM/ECF**

The Honorable J. Kate Stickles
United States Bankruptcy Court
District of Delaware
824 North Market Street
5th Floor, Courtroom 6
Wilmington, DE 19801

Re:   *In re: Vyera Pharmaceuticals, LLC, et al.,* Case No. 23-10605 (JKS)

Dear Judge Stickles:

The State of New York, the State of California, the State of Illinois, the State of North Carolina, the State of Ohio, the Commonwealth of Pennsylvania, and the Commonwealth of Virginia (the "States") respectfully submit this letter in response to the *Plan Supplement to Debtors' Joint Subchapter V Plan or Reorganization and Liquidation*, dated September 4, 2023 [D.I. 239] (the "Plan Supplement"), filed by Vyera Pharmaceuticals, LLC and its affiliated debtors and debtors in possession ("Debtors")[1].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification numbers are: Vyera Pharmaceuticals, LLC (1758); Oakrum Pharma, LLC (3999); SevenScore Pharmaceuticals, LLC (2598); Phoenixus AG (1091); Derelix Biotherapeutics, LLC (4711); and Orpha Labs AG. The Debtors' mailing address is 600 3rd Avenue, 19th Floor, New York, New, York. In this letter, Vyera Pharmaceuticals, LLC and Phoenixus AG will be referred to as Debtors.

In its Plan Supplement, Debtors purport to "clarify" how the States' claims will be treated in the *Amended Joint Chapter 11 Plan Of Reorganization And Liquidation,* dated July 11, 2023 [D.I. 157] (the "Amended Plan"), but the States still have concerns that the Debtors' "clarification" is not clear with respect to the issues that the States and other parties, including the Daraprim Class Action Settlement Class, have previously raised with the Debtors.[2]

As elaborated *infra*, the States continue to have serious concerns with the Amended Plan and the Plan Supplement, but hope these may be resolved in the course of the court's review of the objections filed by the Daraprim Class Action Settlement Class. Accordingly, the States respectfully submit this comment and response to the recent Plan Supplement to further elucidate on the States' status in this process.

**Background**

The States are creditors of the Debtors as a result of a law enforcement action they and the Federal Trade Commission filed against Debtors (and others) that resulted in a Stipulated Order for Permanent Injunction and Equitable Monetary Relief ("Stipulated Order") from the United States District Court, Southern District of New York. *See* Amended Plan at 14 (discussing the antitrust litigation). The States brought the enforcement action to end anticompetitive conduct by the Debtor (and others) that permitted them to procure monopolistic profits by delaying and impairing competing drug manufacturers' efforts to enter the market and sell less expensive alternatives to Debtor's life-saving drug, Daraprim (pyrimethamine).

On the eve of trial, Debtors agreed to the provisions of the Stipulated Order, which included granting the States equitable monetary relief and security interests for certain corporate assets, thereby avoiding the risks and burdens of a trial. *See* Stipulated Order, Part V ("Equitable Monetary Relief") at A, C, and G. While this avoided a trial against Debtors in this matter, the same District Court in a separate (but related) case concluded that Debtors had engaged in illegal conduct, holding that: "Vyera's unreasonable restraint of trade and monopolization of the FDA-approved pyrimethamine market [was] in violation of §§ 1 and 2 of the Sherman Act," that "Vyera unlawfully and willfully maintained a monopoly in FDA-approved pyrimethamine;" and that "Vyera maintained that monopoly through anticompetitive conduct." *FTC et al v. Shkreli,* 581 F.Supp.3d 579, 629-630 (S.D.N.Y. Jan 14, 2022). That court also found that Debtors gained approximately $64.6 million of excess monopolistic profits due to its illegal conduct. *Id. at 641.*

The States perfected the security interest granted by the Stipulated Order by filing UCC-1 Financing Statements prior to Debtors' bankruptcy petition, as explained and documented in the States' Proof of Claim. A copy of the States' Proof of Claim is attached as <u>Exhibit A.</u>

---

[2] *See, Objection of Creditor Daraprim Class Action Settlement Class to Confirmation of Debtor's Amended Joint Subchapter V Plan of Reorganization and Liquidation.* [D.I. 243]

Since first learning of the Debtor's May 10, 2023 bankruptcy petition, the States have contacted the Debtors and have had various communications expressing concerns about how their interest and claims were listed and treated in the bankruptcy. In particular, the States have challenged Debtors as to why the States' claims – granted pursuant to the Stipulated Order – were neither listed nor otherwise expressly recognized and were seemingly being treated as unimpaired and unsecured in the May 10, 2023 *Debtor's Joint Subchapter V of Reorganization and Liquidation*. [D.I. 11]. The States have worked diligently to communicate their concerns to the Debtors on various occasions, *e.g.*, reaching out the Debtors on May 25, 2023, and thereafter via email, telephone, and videoconferencing to discuss their concerns. And on June 29, 2023, the States submitted a Proof of Claim, attesting their rights to a secured claim and providing corroborating documentation, including UCC filings and a copy of the Stipulated Order. Nonetheless, until the Plan Supplement, the Debtors failed to expressly list the States' claims, much less concede that the claims were secured pursuant to the terms of the Stipulated Order.

**Debtor's Plan Supplement**

On September 4, 2023 – two days prior to the deadline to object to the Amended Plan – the Debtors filed the Plan Supplement. The Plan Supplement purports to "clarify" the treatment of Class 3(b) of the Plan – which it now labels as "General Unsecured Claim – FTC Claims." It does so, in part, by quoting portions of Section V.C. of the Stipulated Order pertaining to Debtors' payment obligations, but failing to cite or even mention Section V.G. concerning Debtors' obligations to "give and grant the Plaintiff States a secured interest in" certain Corporate Assets. And notwithstanding the label on the Class 3(b) claims, the Plan Supplement does acknowledge that the States and Daraprim Class Action Settlement Class filed proofs of claim asserting their security interest, but avers that nothing in the Amended Plan is intended to affect or determine the status of those asserted security interests.

It is the States' understanding that this wording in the Plan Supplement may have been intended to defer any resolution of that issue until a later date, and leave to the liquidating trustee whether any action would be taken with respect to the asserted security agreements. While the States remain concerned about the potential conflicts between that position and the stated description of the class and its claims in the Amended Plan, it is hoped and expected that the discussion of the Daraprim Class Action Settlement Class's objections (which raises similar concerns as those expressed by the States) at the scheduled hearing will allow the Debtors to "clarify" their "clarification," so as to assure that the States' concerns have been taken into account and that the States will be allowed to defend the secured status of their claims should the need arise.

In conclusion, while the States do not seek to object to or delay confirmation of the Amended Plan, they do urge the court to ensure that this "clarification" really does resolve the issues identified here and in the Daraprim Class Action Settlement Class's objections. That is particularly important given that those claims arise from a law enforcement action brought to stop and remedy Debtors' illegal conduct. Indeed, the States respectfully contend that to allow a debtor in a subsequent bankruptcy to eviscerate obligations voluntarily undertaken to resolve a law enforcement action challenging the debtor's illegal conduct, raises policy concerns beyond

the allocation of limited resources and future success of the debtor that are addressed in a typical bankruptcy proceeding.

Respectfully submitted,

*/s/ Saami Zain*
Saami Zain
Assistant Attorney General
Antitrust Bureau
New York State Attorney General
Saami.Zain@ag.ny.gov
212-416-6360

*On behalf of all States*

cc: Counsel of Record (by ECF filing)